UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH D. GILBERTI, | ) |
| Plaintiff | ) ) ) ) |
| v. | )   No. 2:25-cv-00106-SDN ) |
| PAMELA BONDI et al., | ) ) |
| Defendants | ) |

### ORDER AND RECOMMENDED DISMISSAL

In a pro se complaint against U.S. Attorney General Pamela Bondi and over one hundred other named defendants ranging from former presidents to sitting judges, Joseph D. Gilberti makes nonsensical allegations of kidnapping, terrorism, secret underground rivers, and wide-ranging conspiracies to kill millions of people with contaminated tap water. *See* Complaint (ECF No. 1).

With his complaint, Gilberti filed an application to proceed *in forma pauperis* (IFP). *See* IFP Application (ECF No. 3). Gilberti indicates in his IFP application that he is currently incarcerated in the Sarasota County Jail in Florida and requests "60-90 days to provide" his jail account forms as required. *Id*. at 1. Gilberti's requests for additional time to submit information and to proceed IFP are **DENIED**. Gilberti is barred from proceeding IFP because he has, on more than three prior occasions, brought an action in a federal court while incarcerated that was dismissed for being frivolous. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more

1

prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous . . . ."); *Gilberti v. Obama*, No. 1:24-cv-11424, ECF No. 3 at 2-3 (N.D. Ill. Nov. 26, 2024) (collecting cases and denying Gilberti's IFP application for the same reason); *id.* at 3 ("[Gilberti] is also advised that, in any future lawsuits filed while incarcerated, he must disclose the fact that he has 'struck out' under § 1915(g) or risk immediate dismissal.").

Ordinarily, after denying an IFP application, I would give a litigant additional time to pay the filing fee. But given the obvious frivolity of Gilberti's allegations, I recommend that the Court exercise its inherent authority and **DISMISS** his complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. §] 1915[(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a case is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

A PACER search reveals that Gilberti is a serial litigant who has brought dozens of frivolous lawsuits and appeals in federal courts across the country. He was recently warned by the Middle District of Florida "that if he continues to file frivolous cases [in that court] or in any other courts, he may be subject to sanctions . . . including monetary sanctions or injunctive relief directing the Clerk to not accept

future filings by [him] without first obtaining prior leave of the Court." *Gilberti v. Council of Nat'l Def.*, No. 8:24-cv-1574-TPB-CPT, ECF No. 2 at 4 (M.D. Fla. July 26, 2024). Because Gilberti failed to heed that warning and his frivolous lawsuits waste limited judicial resources, I recommend that the Court **ENJOIN** Gilberti from filing new cases in the District of Maine without first obtaining approval from a District Judge by showing that his proposed pleading is sufficiently plain and definite to satisfy Fed. R. Civ. P. 8 and to warrant a response. *See Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (affirming the imposition of similar filing restrictions); *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (holding that courts may impose filing restrictions on abusive litigants after they have been duly warned that such "restrictions may be in the offing").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 25, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge

3