UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH D. GILBERTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00106-SDN |
| | ) | |
| PAMELA BONDI et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Plaintiff Joseph Gilberti filed this pro se lawsuit against U.S. Attorney General Pamela Bondi and over one hundred named defendants—including presidents, judges, governors, colleges, various large corporations, the Vatican, Major League Baseball, and far more. As the Magistrate Judge ably explained, Mr. Gilberti makes "nonsensical allegations of kidnapping, terrorism, secret underground rivers, and wide-ranging conspiracies to kill millions of people with contaminated tap water." ECF No. 5. This case is the latest in a series of—by one court's count—more than twenty-five similar lawsuits Mr. Gilberti has filed across the country. *See Gilberti v. Obama*, No. 24-cv-11424 (N.D. Ill. Nov. 26, 2024) (ECF No. 3).

Here, the Magistrate Judge issued a decision (the "Recommended Decision") denying Mr. Gilberti's motion to proceed in forma pauperis ("IFP") and recommending the Court dismiss his complaint. ECF No. 5 at 1–2. The Magistrate Judge also recommended the Court enjoin Mr. Gilberti from filing new cases in the District of Maine without first obtaining approval from the Court. *Id.* at 3.

Mr. Gilberti timely objected to the Recommended Decision. ECF No. 6. On the same day, he filed a notice of appeal purporting to appeal the Recommended Decision.

ECF No. 7. For the reasons below, the Court concludes Mr. Gilberti's purported appeal does not divest the Court of jurisdiction. Having reviewed the record and considered Mr. Gilberti's objection, the Court affirms the Recommended Decision.

## DISCUSSION

### I. Jurisdiction

Trial and appellate courts avoid sharing jurisdiction. To prevent "potential conflict and confusion . . . jurisdiction over a single case ordinarily should reside in a single court at any single point in time." *United States v. Brooks,* 145 F.3d 446, 456 (1st Cir. 1998). "[E]ither the trial or the appellate court—but not both—may have jurisdiction over a case at any given point . . . ." *Id.* Therefore, "as a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *Id.* at 455 (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993)).

This case presents an exception to the rule. "[I]f the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order)," the district court may proceed. *Id.* Indeed, the First Circuit has explained that when a party tries to appeal an unappealable order, the district court "*should* continue to adjudicate the underlying matter in the ordinary course, as if no notice of appeal has been filed." *U.S. Bank Nat'l Ass'n v. Richmond*, No. 24-1342, 2024 WL 4529690, at *2 (1st Cir. July 25, 2024) (emphasis added). At the same time, the appellate court "will promptly conduct jurisdictional screening and, if appropriate, will dispose of the appeal as soon as practicable." *Id.*

Here, Mr. Gilberti attempted to appeal the Recommended Decision. *See* ECF No. 7 (characterizing the appealed Recommended Decision as an "Order of Dismissal").

2

However, no aspect of the Recommended Decision is appealable. "Save for a specific statutory exception, [the] rule is iron-clad: a magistrate's order is not a 'final' order which can be reviewed directly by a court of appeals." *United States v. Ecker*, 923 F.2d 7, 8 (1st Cir. 1991). The sole statutory exception—where the parties consent to proceeding under the magistrate judge, 28 U.S.C. § 636(c)—does not apply here. Courts have applied this rule to denials of IFP motions and recommended dismissals alike. *See Prater v. Dep't of Corr.*, 76 F.4th 184, 197 (3d Cir. 2023) ("The fact that a litigant may appeal directly to [the court of appeals] when a *district court* denies [his or her] IFP motion does not mean the litigant can appeal directly to [the court of appeals] when a *magistrate judge* denies [his or her] IFP motion."); *Freeman v. State*, No. 17-1789, 2017 WL 7688199 (1st Cir. Dec. 15, 2017) (finding no appellate jurisdiction where magistrate judge's recommended dismissal "had not been reviewed by the district court").

Because Mr. Gilberti's appeal is plainly defective and the court of appeals would lack jurisdiction to hear it, this Court will continue to exercise its own jurisdiction. *Brooks,* 145 F.3d at 456; *cf. Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (explaining federal courts' "virtually unflagging obligation" to exercise their jurisdiction).

## II.    The Recommended Decision is Affirmed

The Court has reviewed and considered the Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Recommended Decision. The Court concurs with the reasons set forth by the Magistrate Judge in her decision and determines that no further proceeding is necessary.

Mr. Gilberti has had at least three cases dismissed as frivolous, triggering the three-strikes bar to proceeding IFP. *See* 28 U.S.C. § 1915(g). For example, first, the Eleventh

3

Circuit dismissed an appeal by Mr. Gilberti as frivolous, explaining "there is no substantial question . . . that Gilberti's appeal is frivolous." *Gilberti v. Adrurra Grp., Inc.*, 810 F. App'x 806, 808 (11th Cir. 2020). Second, the Middle District of Florida dismissed Mr. Gilberti's complaint as frivolous. *Gilberti v. Padar*, No. 23-cv-609, 2024 WL 208532, at *2 (M.D. Fla. Jan. 19, 2024). Third, the Southern District of Florida dismissed Mr. Gilberti's complaint as frivolous, explaining the "allegations lack an arguable basis in law or fact." *Gilberti v. Rubio*, No. 24-80850-CIV, 2024 WL 3956342, at *1 (S.D. Fla. Aug. 13, 2024). Indeed, the Court has been unable to identify even one of Mr. Gilberti's numerous cases that has not been dismissed. *See, e.g*, *Gilberti v. Council of Nat'l Def.*, No. 24-cv-1575, 2024 WL 3548904, at *1 (M.D. Fla. July 26, 2024) (listing ten of Mr. Gilberti's dismissed cases).

The lone exception to the rule, which applies when a prisoner is under "imminent danger of serious physical injury," does not apply here. 28 U.S.C. § 1915(g). While Mr. Gilberti's allegations, liberally construed, suggest a global conspiracy to harm people with contaminated water, nothing in the complaint suggests Mr. Gilberti himself is in imminent danger. As a general rule, such "conclusory and fantastical" claims do not satisfy the imminent danger exception. *Duarte v. Mass. Dep't of Correction*, No. CV 24-12611, 2024 WL 5339396, at *2 (D. Mass. Oct. 18, 2024) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Therefore, because Mr. Gilberti's IFP motion is squarely barred by the three-strikes rule, 28 U.S.C. § 1915(g), the Court affirms the Magistrate Judge's denial of Mr. Gilbert's IFP motion.

The Court also accepts the Magistrate Judge's recommendation to enjoin Mr. Gilberti from filing new cases in this district without first obtaining approval from a

District Judge by showing that his proposed pleading is sufficiently plain and definite to satisfy Federal Rule of Civil Procedure 8.

Mr. Gilberti's conduct warrants such a restriction. His lawsuits across the country are "at least to some extent duplicative." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980). His complaints have largely "suffered from the same deficiencies"—to wit, that they frivolously allege vast and fantastical conspiracies. *Id*. Indeed, Mr. Gilberti's lawsuits, including this one, have traces of the "classic" type of litigation justifying a filing restriction, where the plaintiff seeks relief against "judges, judicial officers, and attorneys" who have ruled against the plaintiff. *Id*. at 1078; *see e.g.*, *Gilberti v. Fed. Rsrv. Sys.*, No. 19-CV-0738, 2019 WL 1901293, at *1 (D.D.C. Apr. 29, 2019) (complaint against "corrupt Florida and US Judge," among others); ECF No. 1 at 23 (referencing purported conspiracy by attorneys general, judges, and "gang of Terrorist-Lawyers"); ECF No. 6 ("Any Judge calling these cases fictitious . . . is conspiring against America . . . .").

The Court has given Mr. Gilberti adequate notice to impose a filing restriction. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993). A Magistrate Judge's recommendation that the district court impose filing restrictions, which occurred here, is adequate. *Id*. (finding adequate notice when "a magistrate's report recommended that the district court impose filing restrictions and the plaintiff filed objections to that report" (citing *Pavilonis*, 626 F.2d at 1079)). Other courts have already warned Mr. Gilberti of the same. *See Council of Nat'l Def.*, 2024 WL 3548904, at *2 (giving Mr. Gilberti a "vexatious litigant warning" that if he "continues to file frivolous cases [in the Middle District of Florida] *or in any other courts*, he may be subject to sanctions" (emphasis added)). Finally, while Mr. Gilberti objected to the Recommended Decision in various regards, he did not respond to the Magistrate Judge's recommendation that the Court impose filing

restrictions, and, indeed, followed his objection by filing a frivolous appeal of the Recommended Decision to the First Circuit.

Therefore, because the Court finds a limited filing restriction is warranted and Mr. Gilberti has been sufficiently notified, the Court affirms the Recommended Decision.

## CONCLUSION

For the foregoing reasons, the Recommended Decision of the Magistrate Judge is **AFFIRMED**. The case is **DISMISSED** and Mr. Gilberti is hereby **ENJOINED** from filing new cases in the District of Maine without first obtaining approval from a District Judge by showing that his proposed pleading is sufficiently plain and definite to satisfy Fed. R. Civ. P. 8 and to warrant a response.

**SO ORDERED.**

Dated this 3rd day of April, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**